**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CASTULO BERTULIO GONZALEZ BARRIOS,<br><br>   Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>   Respondent. | No. 12-72389<br><br>Agency No. A070-923-915<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Castulo Bertulio Gonzalez Barrios, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Gonzalez Barrios contends he will be harmed in Guatemala on the basis of his membership in a particular social group.

Substantial evidence supports the BIA's determination that, even if Gonzalez Barrios's proposed social group was cognizable, he did not establish a nexus between his fear of harm and the proposed group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992) (petitioner must provide compelling evidence of motive for persecution). Accordingly, Gonzalez Barrios's asylum and withholding of removal claims fail. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

Substantial evidence also supports the BIA's denial of CAT relief because Gonzalez Barrios failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Gonzalez Barrios's claim that the IJ deprived him of due process by failing to grant a continuance. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process challenge).

**PETITION FOR REVIEW DENIED.**